

**EXHIBIT A**

| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | FILE NO.: 26CV004372-910 |

STATE OF NORTH CAROLINA EX REL. )
MONROE & MORDEN, PLLC, )
ADMINISTRATOR OF THE ESTATE OF )
LEONA RITA ZALOGA, AND )
                                      )
                                      )
MONROE & MORDEN, PLLC, )
Administrator of the ESTATE OF LEONA ) **VERIFIED COMPLAINT**
RITA ZALOGA. )
                                      )
       Plaintiff, )
                                      )
v. )
                                      )
CAROLINE ZALOGA SCHIFFER, and )
PHILADELPHIA INDEMNITY INSURANCE )
COMPANY dba PHILADELPHIA )
INDEMNITY INS. CO., )
                                      )
       Defendants. )

NOW COMES Plaintiff MONROE & MORDEN, PLLC, Administrator of the Estate of Leona Rita Zaloga, and complains of the Defendants and alleges and says as follows:

**Parties**

1. Plaintiff Monroe & Morden, PLLC was appointed the Administrator CTA of the Estate of Leona Rita Zaloga on October 12, 2023. Monroe & Morden, PLLC is a North Carolina Professional Limited Liability Company. The Estate of Leona Rita Zaloga is an Estate being administered in Wake County file 21 E 3123 (the "Estate"). A copy of the Order on Petition for Appointment of Independent Administrator is attached hereto as **Exhibit A** and incorporated herein by reference.

---

**HOWARD STALLINGS LAW FIRM**
Raleigh, North Carolina

1

2. Upon information and belief, Defendant Caroline Zaloga Schiffer ("Defendant Schiffer") is a citizen and resident of Wayne County, Pennsylvania and is neither an infant, incompetent, nor in military service.

3. Upon information and belief, Defendant Philadelphia Indemnity Insurance Company dba Philadelphia Indemnity Ins. Co., is a Pennsylvania Corporation ("Philadelphia Indemnity"). Upon information and belief, Defendant Philadelphia Indemnity at all times alleged herein was authorized to do business and was doing business in the State of North Carolina.

## Venue and Jurisdiction

4. Subject matter jurisdiction over this action is conferred up and vested in this Court by virtue of, *inter alia*, N.C.G.S. §§ 7A-240 and 7A-243.

5. Personal jurisdiction over the Defendants is conferred up and vested in this Court by virtue of, *inter alia*, N.C. Gen. Stat. § 1-75.4.

6. Proper venue is vested in this Court by virtue of, *inter alia*, N.C. Gen. Stat. § 1-78.

## Facts

### *Guardianship, Opening of Estate and Issuance of Bond*

7. Leona Rita Zaloga (the "Decedent") died on February 26, 2017, as a resident of Wake County, North Carolina.

8. Prior to Decedent's death she was adjudicated incompetent and her daughter Defendant Schiffer was appointed Guardian of the Decedent on March 26, 2015, in Wake County file 15-E-1112. A copy of the Order appointing Defendant Schiffer guardian is attached hereto as **Exhibit B** and incorporated herein by reference.

---

**HOWARD STALLINGS LAW FIRM**
**Raleigh, North Carolina**

2

Case 5:26-cv-00142-FL    Document 1-3    Filed 03/06/26    Page 2 of 17

9. On March 26, 2015, Defendant Schiffer qualified as General Guardian of Leona Zaloga, docketed as Wake County file 15 E 1112.

10. On March 26, 2015, Defendant Philadelphia Indemnity wrote an initial bond on Defendant Schiffer for her Guardianship of the Decedent in the amount of $169,000.00. The bond was written by Defendant Philadelphia Indemnity Insurance. The bond was filed in the Guardianship file. A copy of the bond is attached hereto as **Exhibit C** and incorporated herein by reference.

11. The bond was subsequently increased to $328,000.00 on August 20, 2015. A copy of which is attached hereto as **Exhibit D** and incorporated herein by reference. An Application and Order for Modification of Bond was also signed by the Assistant Clerk on August 20, 2015, and a copy is attached hereto as **Exhibit E** and incorporated herein by reference.

12. At the time of her death, the Decedent owned real property located at 107 Rosewall Lane, Cary, NC with her husband Karol William Zaloga that has since been foreclosed on. See attached a copy of the General Warranty Deed attached hereto as **Exhibit F** and incorporated herein by reference.

13. On or about July 30, 2021, Defendant Schiffer filed an application to become the administrator of Decedent's Estate.

14. On or about November 17, 2021, Defendant Schiffer obtained a $10,000 bond with Platte River Insurance Company in order to administer the Decedent's Estate a copy is attached hereto as **Exhibit G** and incorporated herein by reference.

15. Letters of Administration were issued to Defendant Schiffer on or about November 17, 2021, a copy is attached hereto as **Exhibit H** and incorporated herein by reference.

16. On May 9, 2023, Timothy Roberth Schiffer, a grandson of Decedent, filed a Petition to appoint an Independent Administrator to the Estate of Decedent. A copy of the Petition is attached hereto as **Exhibit I** and incorporated herein by reference.

17. On October 12, 2023, Assistant Clerk of Superior Court signed an order appointing Robert E. Monroe, of Monroe Wallace Morden & Sherrill as Administrator CTA for Decedent's Estate a copy is of the order is attached hereto as **Exhibit J** and incorporated herein by reference.

### *Guardianship of the Decedent and Accountings*

18. While Defendant Schiffer was the General Guardian of Decedent, despite being served with numerous orders from the Clerk of Superior Court of Wake County to file Annual Accountings, provide evidence of disbursements, statements showing the balance in accounts, and proof that her bond requirement was being upheld, Defendant Schiffer failed and refused to comply with said orders. True and accurate copies of these orders are attached hereto as **Exhibit K** and incorporated herein by reference.

19. Upon information and belief Defendant Schiffer continued to live in the Rosewall Lane Property rent-free after the death of the Decedent and enabled others to sublet portions of the premises without accounting for rents received, as evidenced by **Exhibit L** attached hereto and incorporated herein by reference.

20. On or about February 27, 2019, Defendant Schiffer filed an Annual Account for the Guardianship for the period of March 2015 through March 2016 a copy of which is attached hereto as **Exhibit M** and incorporated herein by reference. In this accounting Defendant Schiffer begins the subtotal of personal property as $298,137.05 and indicates a balance at the end of the accounting

period of $211,142.21. She does not list any disbursements but instead notes "See attached" and includes a disjointed spreadsheet with no bank statements and no way to reconcile with the presumed disbursements from the spreadsheet that are not specified on the accounting.

21.     On or about February 18, 2019, Defendant Schiffer signed a Final Account for the Guardianship for the period of March 2016 through February 2017 a copy of which is attached hereto as **Exhibit N** and incorporated herein by reference. In this accounting Defendant Schiffer begins the subtotal of personal property as $211,142.21 and indicates a balance at the end of the accounting period of $149,359.22. She lists that there are disbursements of $69,240.99, but does not include itemization of what the disbursements are other than indicating "See attached" and provides again a disjointed and incohesive spreadsheet and fails to provide bank statements or documentation to reconcile the alleged disbursements.

22.     None of the funds remaining in the guardianship were ever provided to the Estate upon the death of the Decedent.

### *Estate and Appointment of Administrator CTA*

23.     Defendant Schiffer applied for letters on or about July 30, 2021. However, she failed to name her father or his Estate as the sole beneficiary. Instead, she listed herself, a copy of which is attached hereto as **Exhibit O** and incorporated herein by reference.

24.     In December of 2022, Timothy learned that on April 27, 2020, while Defendant Schiffer remained living rent-free in the Rosewall Lane Property, the Rosewall Townhome Association, Inc. obtained a lien against the Rosewall Lane Property for unpaid homeowner's dues which was recorded at 20 M 1842. The Rosewall Lane Property was sold in December of 2022 at

public auction. After a series of upset bids, the Rosewall Lane Property was ultimately conveyed to a third party. A copy of the final report and account from the Substitute Trustee's Affidavit is attached hereto as **Exhibit P** and incorporated herein by reference.

25. On May 9, 2023, Timothy filed a Petition for Appointment of Independent Administrator.

26. On October 12, 2023, the Court ordered that Defendant Schiffer's Letters of Administration for Decedent's Estate be revoked, that the Will be admitted into probate and the Court appointed Robert Monroe of Monroe Wallace Morden & Sherrill as Administrator CTA for Leona's Estate.

27. The fraudulent actions of Defendant Schiffer were not and could not have been discovered by Plaintiff until Robert Monroe was appointed Administrator CTA of the Estate.

28. Prior to this time, Defendant Schiffer was solely in control and responsible for all assets of the guardianship.

29. The statute of limitations against Defendant Schiffer is tolled until the fraud was discovery or should have been discovered through reasonable diligence.

30. The total amount of assets accepted by Defendant Schiffer which have not been accounted for is $313,731.05.

31. This does not include any rental payments, the amounts of which are unknown.

## FIRST CLAIM FOR RELIEF

### Conversion
### [Defendant Schiffer]

32. Plaintiff realleges and incorporates herein by reference the preceding allegations of the Complaint as if fully set forth herein.

33. The transfer and use of funds from the various accounts of Decedent without accounting for the funds by Defendant Schiffer constitutes conversion of funds owned by Decedent.

34. By receiving rent from tenants at the home of Decedent but utilizing those funds for her own personal benefit rather than the benefit of the Decedent or the Estate, Defendant Schiffer converted the assets to herself.

35. Defendant Schiffer was not entitled to the assets which were withdrawn and/or removed from the possession and ownership of the Decedent or should have rightfully been assets of the Estate after the Decedent's death.

36. The Estate was damaged in an amount in excess of twenty-five thousand dollars ($25,000.00) as a result of Defendant Schiffer's conversion and is entitled to have and recover these funds.

## SECOND CLAIM FOR RELIEF

### Breach of Fiduciary Duty
### [Defendant Schiffer]

37. Plaintiff realleges and incorporates herein by reference the preceding allegations of the Complaint as if fully set forth herein.

---

HOWARD STALLINGS LAW FIRM
Raleigh, North Carolina

7

Case 5:26-cv-00142-FL    Document 1-3    Filed 03/06/26    Page 7 of 17

38. Defendant Schiffer, as guardian of Decedent, held a position of trust, authority, power and confidence in relation to the Decedent.

39. Defendant Schiffer owed a fiduciary duty to the Decedent and the Estate.

40. By failing to properly administer and account for the Estate and transferring Estate assets to her personal use, Defendant Schiffer used her position as guardian and administrator for her own personal benefit.

41. Based upon these fiduciary duties, all self-dealing as guardian and administrator between Defendant Schiffer and the Estate are presumed to be fraudulent.

42. The actions described herein-above constitute breaches of fiduciary duties.

43. The Estate was damaged in an amount in excess of twenty-five thousand dollars ($25,000.00) as a result of Defendant Schiffer's breach of fiduciary duties and the Estate is entitled to have and recover these funds.

### THIRD CLAIM FOR RELIEF
#### Constructive Fraud
#### [Defendant Schiffer]

44. Plaintiff realleges and incorporates herein by reference the preceding allegations of the Complaint as if fully set forth herein.

45. Defendant, as administrator of the Estate, held a position of trust, authority, power and confidence in relation to the Decedent and the Decedent's Estate.

46. Defendant owed a fiduciary duty to the Estate and Decedent.

47. By failing to properly administer and account for the Estate assets and transferring Estate assets to her personal use, Defendant Schiffer used her position as administrator for her own personal benefit.

48. Based upon these fiduciary duties, all self-dealing between the administrator and the Estate are presumed to be fraudulent.

49. The Estate was damaged in an amount in excess of twenty-five thousand dollars ($25,000.00) as a result of Defendant's constructive fraud and is entitled to have and recover these funds.

## FOURTH CLAIM FOR RELIEF
### Action on Bond
### [Defendants Schiffer and Philadelphia Indemnity]

50. Plaintiffs realleges and incorporates herein by reference the preceding allegations of the Complaint as if fully set forth herein.

51. With regard to the Court's order on July 12, 2018 to file the annual account, the Court's December 4, 2018 order to appear and show cause for failure to file, the Court's December 13, 2019 order for Defendant Schiffer to provide evidence of disbursements, statements showing the balance of accounts, and proof that the bond requirement was being withheld. Defendant Schiffer never complied with these orders. Please see these orders again attached as **Exhibit K** and incorporated herein by reference.

52. Defendant Schiffer has not complied with the instructions of the Court to allow the Court to verify and approve accountings.

53. Specifically, Schiffer has never filed any further document with the Court, and

**HOWARD STALLINGS LAW FIRM**
Raleigh, North Carolina

specifically never presented any document in which could be considered a final account or statement of accounts with necessary bank statements as required for years 2015-2016 and 2016-2017.

54. Pursuant to the terms of the Court's previously mentioned orders see again **Exhibit K** and by failing to satisfy the conditions required, Schiffer's limited filings were not sufficient for the Court.

55. The bond issued by Philadelphia Indemnity remains in place.

56. Defendant Schiffer, by accepting payment individually of the rental income and failing to account for the bank and other assets properly due the Estate, has failed to properly account for, secure and take possession of all of the assets of the Decedent's Estate in that Defendant Schiffer converted such assets to her own use and control.

57. This action is brought against Defendant Philadelphia Indemnity pursuant to N.C. Gen. Stat. § 28A-8-6.

58. This action is brought in the name of the State of North Carolina on behalf of Monroe & Morden, PLLC, a North Carolina professional limited liability company.

59. On or about March 26, 2015, and August 20, 2015, in connection with the qualification of Defendant Schiffer as the Guardian of the guardianship Estate, Defendants Schiffer and Philadelphia Indemnity executed and delivered to the State of North Carolina their joint and several obligation in writing, of the bonds please see again **Exhibits C and D**.

60. Defendant Schiffer, as Guardian of the guardianship Estate, breached the written obligation provided by Defendant Philadelphia Indemnity as aforesaid by failing to account for, converting to her own use and failing to secure and take possession on behalf of the Estate the funds

and assets properly due the Estate; by failing to account for and turn over all the assets as shown; and for any other actions as described herein.

61. Defendant Schiffer has failed to provide any funds to the Estate of Leona Zaloga.

62. As a result of the breach of said written obligation, Plaintiff is entitled to recover monetary damages of Defendants Schiffer and Philadelphia Indemnity in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff respectfully requests of this Court a judgment as follows:

1. For judgment against the Defendants in excess of $25,000.00;

2. For the costs and expenses of this action, including attorneys' fees, to be taxed against Defendants pursuant to N.C. Gen. Stat. § 35A-1265 and other applicable law;

3. For such other and further relief as this Court may deem proper.

Respectfully submitted, this the 3rd day of February, 2026.

**HOWARD STALLINGS LAW FIRM**

By: */s/Douglas D. Noreen*
Douglas D. Noreen
State Bar No. 41484
P. O. Box 12347
Raleigh, North Carolina 27605
Telephone: (919) 821-7700
dnoreen@howardstallings.com
*Attorney for Plaintiffs*

## VERIFICATION

CHRISTOPHER S. MORDEN, being first duly sworn, deposes and says that he is a Manager of MONROE & MORDEN, PLLC that he has read the foregoing VERIFIED COMPLAINT and that the facts stated therein are true of his personal knowledge, except such matters are stated on information and belief, and as to those matters he believes them to be true.

**MONROE & MORDEN, PLLC**

_____
Christopher S. Morden, Manager

STATE OF WAKE
COUNTY OF NORTH CAROLINA

I, Elizabeth Cowards , a Notary Public of the County and State aforesaid, certify that CHRISTOPHER S. MORDEN, personally came before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official stamp or seal, this 27 day of ~~November 2025~~ January 2026.

_____
Notary Public

My Commission Expires:
6/21/2026



12

FILED
DATE: October 12, 2023
TIME: 4:13:53 PM
WAKE COUNTY
CLERK OF SUPERIOR COURT
BY: TL

EXHIBIT A

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | BEFORE THE CLERK |

**In the Matter of the Estates of**     )     21E003123-910 & 21E003124-910
**LEONA RITA ZALOGA,**     )
   Decedent     )
     )
   **and**     )     **ORDER ON PETITION**
     )     **FOR APPOINTMENT OF**
**KAROL WILLIAM ZALOGA,**     )     **INDEPENDENT ADMINISTRATOR**
   Decedent     )
     )

THIS MATTER came before the undersigned Assistant Clerk in a scheduled hearing on June 7, 2023 in response to a *Petition for Appointment of Independent Administrator* filed in both estates, as well as a *Petition to Probate a Copy of a Will* filed in Karol William Zaloga's Estate, all filed by Timothy Robert Schiffer (hereafter "Petitioner"). The undersigned Assistant Clerk put the matter on hold, asking attorneys to present information regarding alleged assignments, accounts and inventory regarding the estates in question, rather than appearing again. This did not occur. Therefore, the Court, on review of the motions and upon hearing opinions, argument and testimony at hearing, makes the following

### FINDINGS OF FACT & CONCLUSIONS OF LAW

1. On March 26, 2015, Karol and Leona's daughter, Caroline Mary Zaloga Schiffer ("Caroline"), qualified as General Guardian of the Guardianship Estates of Karol and Leona, docketed at 15 E 1111 and 15 E 1112 in Wake County.

2. In her capacity as General Guardian for Karol and Leona, Caroline was served with numerous orders from the Clerk of Superior Court of Wake County to file Annual Accounts and evidence of disbursements, statements showing the balance in accounts,

and proof that her bond requirement was being upheld.

3. Ninety-one-year-old Leona Rita Zaloga ("Decedent") died on February 26, 2017.

4. Her husband, also ninety-one, Karol Walter Zaloga, died later that same year, on August 4, 2017.

5. After Karol's and Leona's deaths, On July 15 ,2021, Petitioner applied for Letters of Administration C.T.A. in Karol's Estate and petitioned for probate of a photocopy of Karol's will and for an order of implied renunciation pursuant to N.C. Gen. Stat. §§ 284-24-6 and 28A-2A-5-2(b)(2).

6. On July 30, 2021, Caroline applied for Letters of Administration in both Karol's Estate and Leona's Estate.

7. On September 1, 2021, the Clerk advised Petitioner's former counsel that it had received Caroline's application for Letters of Administration in Karol's Estate but that Letters of Administration had not been issued.

8. On November 5, 2021, Caroline filed a response in Karol's Estate to Petitioner's request for probate of a photocopy of Karol's will and for an order of implied renunciation, in which she agreed with the underlying facts alleged by Petitioner but in which she denied that Petitioner should be appointed as Administrator of Karol's Estate.

9. On November 17, 2021, Caroline qualified as Administrator of Leona's estate after correcting the first page of the application to identify Karol's Estate as the sole heir.

10. On November 22, 2021, former counsel for Petitioner provided notice to the court in Karol's Estate of its withdrawal from representation.

11. Upon information and belief no further action has been undertaken by Caroline or by

anyone else in either Leona's Estate or Karol's Estate.

12. In December of 2022, Petitioner learned that on April 27, 2020, while Caroline remained living rent-free in the Rosewall Lane Property, the Rosewall Townehome Association, Inc. obtained a lien against the Rosewall Lane Property for unpaid homeowner's dues which was recorded at 20 M 1842. The Rosewall Lane Property was sold in December of 2022 at public auction. After a series of upset bids, the Rosewall Lane Property was ultimately conveyed to a third party.

13. Pursuant to N.C. Gen. Stat. § 28A-4-1(b), letters of administration may be granted in the Clerk's discretion to any person of good character not disqualified under N.C. Gen. Stat. § 28A-4-2, and shall be granted to the applicant who, in the judgment of the Clerk, is most likely to administer the estate advantageously.

14. N.C. Gen. Stat. § 284-4-1(c) provides that any interested person may file a petition alleging that any person(s) eligible to serve is disqualified in accordance with N.C. Gen. Stat. S 28A-4-2. One of the grounds for disqualification is implied renunciation as provided in N.C. Gen. Stat. § 28A-5-2 and 28A-6-2.

15. N.C. Gen. Stat. § 2SA-9-1 provides that letters of administration may be revoked after hearing if the person to whom they were issued has violated a fiduciary duty through default or misconduct in the execution of the person's office.

16. Caroline failed or refused to exercise her fiduciary duties as General Guardian for Karol and Leona's Estates, permitted a creditor to obtain a judgment against Karol's Estate and failed or refused to protect the Rosewell Lane Property from going into foreclosure, despite living in the property rent-free, and has not undertaken the accountings and other requirements for qualification as Administrator of the Estates.

17. As he is an out-of-state resident, Petitioner seeks appointment of an independent Administrator for the Estates who resides in Wake County and is knowledgeable about the process for finalizing the remaining steps which must be undertaken in order to close out the Estates.

NOW THEREFORE, based upon the foregoing Findings of Fact and Conclusions of Law, it is hereby **ORDERED, ADJUDGED AND DECREED**:

1. That the Letters of Administration granted to Caroline Schiffer in Leona's Estate are hereby revoked;

2. That the photocopy of Karol William Zaloga's Last Will and Testament is hereby admitted into probate;

3. That, pursuant to N.C.G.S. §28A-5-2(b)(2), as no one has come forward to serve as personal representative of the Estate of Karol William Zaloga, this constitutes implied renunciation by all parties previously eligible to serve in such capacity;

4. That Robert E. Monroe, of Monroe Wallace Morden & Sherrill, is hereby appointed Administrator CTA for both Estates.

This the 12th day of October, 2023.

Tonya L. Lewis
Legal Officer / Assistant Clerk of Superior Court
Wake County Superior Court

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing ORDER upon the attorney listed below by e-mail. The attorney will, in turn, serve the respective clients and interested parties.

Connie Carrigan
ccarrigan@smithdebnamlaw.com

This the 12th day of October, 2023.

*Tonya L. Lewis*
Assistant Clerk / Hearing Officer
Wake County Clerk of Superior Court